# 06 CV 15200

LITTLER MENDELSON, P.C.
A. Michael Weber (AW-8760)
Michael P. Pappas (MP-6716)
885 Third Avenue
New York, New York 10022
(212) 583-9600



Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

AYISHA JETER, on behalf of herself and all others
similarly situated,

                        Plaintiff,

         -against-

PFIZER, INC.,

                  Defendant.

———————————————————————

No.

**NOTICE OF REMOVAL**

      Pursuant to the Class Action Fairness Act of 2005, Defendant Pfizer, Inc. ("Pfizer"), by its attorneys, Littler Mendelson, P.C., hereby files this Notice of Removal of the above-captioned action to the United States District Court for the Southern District of New York, from the Supreme Court of the State of New York, New York County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89, and states:

      1.     This action was commenced by the filing of a complaint in the Supreme Court of the State of New York, New York County (the "Complaint"), which was assigned Index No. 603984/2006.

      2.     The Complaint was filed on November 16, 2006, and served upon Defendant Pfizer on November 16, 2006. This Notice of Removal is being filed within 30 days of service of the Complaint as required by 28 U.S.C. § 1446(b).

3.     The Complaint alleges that Defendant Pfizer failed to pay certain wages to (i) Plaintiff Jeter, and (ii) all sales representative who performed work for Pfizer within New York State during the past 6 years, regardless of their place of residence, in violation of the New York Labor Law § 190, *et seq.*, and §650, *et seq.*  The Complaint asserts a "class action" as defined in 28 U.S.C. § 1332(d)(1)(B), in that it is a civil action filed under the New York State statute authorizing an action to be brought by one or more representative persons as a class action, *i.e.*, Article 9 of the New York Civil Practice Law and Rules.

4.     The District Courts of the United States have original jurisdiction over this action by virtue of the diversity jurisdiction granted by 28 U.S.C. § 1332(d), in that:

(a)     The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs;

(b)     The action is a "class action" as defined under 28 U.S.C. § 1332(d)(1)(B);

(c)     There are more than 100 putative class members;

(d)     Members of the class were, at the time the Complaint was filed, citizens of a State different from Defendant Pfizer.  Specifically, (i) Defendant Pfizer was, at the time the Complaint was filed, and still is, a foreign corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York, and, (ii) certain class members were, at the time the Complaint was filed, citizens of States other than Delaware and New York; and

(e)     Upon information and belief, more than one-third of the class members were, at the time the Complaint was filed, citizens of a State other than the State in which the action was originally filed, *i.e.*, New York.

5.     This Notice of Removal is being filed in the Southern District of New York, the district court of the United States for the district and division within which the state court action is pending, as required by 28 U.S.C. §§ 1447(a) and 1441(a).

2

6.      Attached as Exhibit A are true copies of all process, pleadings, and orders served by Plaintiffs in the state court action, as required by 28 U.S.C. § 1446(a).

7.      Attached as Exhibit B is a copy of the Notice to the Supreme Court of the State of New York of Filing of Notice of Removal, the original of which is being filed with the Clerk of the Supreme Court, New York County, as required by 28 U.S.C. § 1446(d).

8.      Attached as Exhibit C is a copy of the Notice to Adversary of Removal of Action, the original of which is being served on Plaintiffs' counsel, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Defendant respectfully requests that this action proceed in this Court as an action properly removed to it.

Date:   December 15, 2006
        New York, New York


                                        LITTLER MENDELSON, P.C.

                                        Attorneys for Defendant Pfizer, Inc.


                                        A. Michael Weber (AW-8760)
                                        Michael P. Pappas (MP-6716)
                                        885 Third Avenue
                                        New York, New York 10022
                                        (212) 583-9600

3

# **EXHIBIT A**

NEW YORK
COUNTY CLERK'S OFFICE

NOV 1 6 2006

NOT COMPARED
WITH COPY FILED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------ X
AYISHA JETER, on behalf of herself and all others :
similarly situated,                              :
                                                 :
                              Plaintiff,          :       Index No. 603984/2006
                                                 :
                                                 :       **SUMMONS**
        - against -                              :
                                                 :       The basis of the venue is:
PFIZER, INC.,                                    :       Defendant's Place of business
                              Defendant.         :
------------------------------------------------ X

DAILY INTAKE

NOV 1 5 2006

Pfizer Litigation Group

To the above named defendant:

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a

copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the plaintiff within 20 days after the service of this summons, exclusive of the day

of service (or within 30 days after the service is complete if this summons is not personally delivered

to you within the State of New York); and in case of your failure to appear or answer, judgment will

be taken against you by default for the relief demanded herein.

Dated: November 15, 2006

*Service accepted by Terence McCann
on 11/16/06 at 4:45pm at 235 E 42 St. NYC*

Defendant:

        Pfizer, Inc.
        235 East 42nd Street
        New York, New York 10017

                                  BEATIE AND OSBORN LLP
                                  521 Fifth Avenue, 34th Floor
                                  New York, New York  10175
                                  (212) 888-9000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------X

AYISHA JETER, on behalf of herself and all others :
similarly situated,

                 Plaintiff,

        v.

PFIZER, INC.,

                Defendant.

-------------------------------------------------------X

NEW YORK
COUNTY CLERK'C OFFICE

NOV 1 6 2006

NOT COMPARED
WITH COPY FILED

Index No. 603984/2006

**CLASS ACTION**
**COMPLAINT**

      Plaintiff Ayisha Jeter, on behalf of herself and all others similarly situated, by and through her attorneys, Beatie and Osborn LLP, as and for her Complaint against defendant, Pfizer, Inc., alleges as follows:

## NATURE OF THE CASE

      1.    This is a "wage and hour" class action in which plaintiff Jeter claims that her employer, defendant Pfizer, failed to pay her and the other members of the class for overtime hours worked.

## JURISDICTION AND VENUE

      2.    Jurisdiction is proper in this Court because defendant Pfizer has its principal office in New York County.

      3.    Venue is proper in this Court pursuant to New York Civil Practice Law and Rules Section 503(c) because defendant Pfizer has its principal office in New York County.

## THE PARTIES

      4.    Plaintiff Jeter is a resident of New York City, New York.  At all times relevant to this action, Ms. Jeter has worked for Pfizer as a pharmaceutical representative.

1

5.     Defendant Pfizer, Inc. is a Delaware corporation with its principal place of business at 235 East 42nd Street, New York, New York 10017.  Pfizer is in the business of manufacturing prescription drugs and selling the same to through physicians, hospitals, and pharmacies within the State of New York and throughout the United States.

## STATEMENT OF FACTS

6.     In order to market and promote the various drugs it manufactures, Pfizer, like most of the big pharmaceutical companies, employs pharmaceutical "representatives," historically referred to as "detailmen," to meet with doctors and other medical professionals to educate them about the beneficial aspects of the drugs with the hope that the doctors would subsequently write prescriptions for those drugs for their patients.

7.     Plaintiff Jeter has been employed as a representative by Pfizer since November 30, 2001.  On July 15, 2006, Ms. Jeter relocated to New York City, where she continues to work for Pfizer in the capacity of a representative, although her title has been changed to "Specialty Representative."  In her position as a representative (including as a Specialty Representative), Ms. Jeter is and was primarily responsible for calling on assigned physicians and medical institutions to promote the various prescription drugs manufactured by Pfizer.

8.     As a representative, Ms. Jeter was and is frequently required to work more than 10 hours per day and regularly required to work more than 40 hours per week.

9.     Ms. Jeter was not paid for this work because, for compensation purposes, Pfizer classified Ms. Jeter as an "exempt" employee, meaning, among other things, that she was not entitled to overtime pay under the provisions of the New York State wage and hour laws governing overtime work and compensation.

2

10.     Pfizer has unlawfully classified Ms. Jeter as exempt from overtime payments under New York law presumably on the ground that she and the other representatives engage in outside sales. However, at no time do the representatives directly or indirectly sell Pfizer products to doctors, hospitals, medical groups or pharmacies.

11.     Despite the fact that Ms. Jeter has worked overtime hours, as defined by New York law, Pfizer has implemented a uniform policy and procedure that precludes the payment of overtime compensation to her.

12.     As a non-exempt employee, Ms. Jeter should have been paid, and currently is entitled to be paid, at the rate of (i) the minimum wage for all hours worked in excess of 10 hours per day and (ii) one and one-half times her regular hourly rate for all hours worked in excess of 40 hours per week.

13.     Pfizer has willfully refused to pay Ms. Jeter the required compensation for overtime hours worked, and has failed to keep time records as required by law.

14.     Ms. Jeter brings this action on behalf of herself and a class defined as follows: all persons who were, are or will be employed by Pfizer as pharmaceutical representatives and positions having the same job duties within the State of New York at any time within the six year period prior to the date of the filing of this Complaint through the date of the final disposition of this action (the "Class Period") and who were, are, or will be improperly misclassified as exempt from overtime pay under New York law (the "Class").

15.     Pfizer's practices violate the New York State wage laws plead herein. Ms. Jeter seeks injunctive and declaratory relief, overtime compensation for all overtime work required, suffered, or permitted by Pfizer, plus interest, attorneys' fees and costs.

3

16.    A parallel action has been commenced in California under California's wage and labor laws.    That case is styled <u>Fernando Oblitas-Rios, on behalf of himself and all others similarly situated, v. Pfizer, Inc., a California Corporation, and DOES 1-100, inclusive,</u> Case No. GIC 874925 and is pending in the Superior Court of the State of California, County of San Diego.

## CLASS ACTION ALLEGATIONS

17.    Plaintiff Jeter brings this action as a class action, on behalf of the Class defined in paragraph 14, pursuant to Article 9 of the New York Civil Practice Law and Rules.

18.    **Ascertainable Class:** The proposed Class is ascertainable in that its members can be identified and located using information contained in Pfizer's payroll and personnel records.

19.    **Numerosity:** The potential number of persons in the Class is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of persons in the Class is unknown to plaintiff at this time. However, it is estimated that the number exceeds 100 individuals.

20.    **Typicality:** The claims of plaintiff Jeter (for overtime wages, interest and attorney's fees) are typical of the claims of all of the other members of the Class because all of them sustained similar injuries and damages arising out of Pfizer's common course of conduct in violation of law and the injuries and damages of all of the other members of the Class were caused by Pfizer's wrongful conduct as described in this Complaint.

21.    **Adequacy:** Plaintiff Jeter is an adequate representative of the Class; will fairly protect the interests of the other members of the Class; has no interests antagonistic to the members of the Class; and will vigorously pursue this suit via attorneys who are

4

competent, skilled and experienced in litigating matters of this type. Class Counsel are competent and experienced in litigating large employment law class actions.

22.    **Superiority:** The nature of this action makes the use of the class action vehicle a particularly efficient and appropriate procedure to afford relief to plaintiff and the other members of the Class for the wrongs alleged herein, as follows:

a.   This case involves a large corporate defendant and a large number of individuals with many relatively small claims and common issues of law and fact;

b.   If each individual member of the Class was required to file an individual lawsuit, Pfizer would necessarily gain an unconscionable advantage because, with its vastly superior financial and legal resources, it would be able to exploit and overwhelm the limited resources of each individual member of the Class;

c.   Requiring each individual member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Class who would be disinclined to pursue an action against Pfizer because of an appreciable and justifiable fear of retaliation;

d.   The prosecution of separate actions by the individual members of the Class, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual members of the Class against Pfizer; would establish potentially incompatible standards of conduct for Pfizer; would result in legal determinations with respect to individual members of the Class which would, as a practical matter, be dispositive of the interest of the other members of the Class who are not parties to the adjudications; and/or would substantially impair or impede the ability of the members of the Class to protect their own interests;

e.   The claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto;

f.   Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action; and

g.   The cost to the court system of adjudication of such individualized litigation would be substantial.

23.   **Existence and Predominance of Common Questions of Fact and Law:**

Common questions of law and fact exist as to members of the Class which predominate over questions affecting only individual members of the Class, including, but not limited to, the following:

a. Whether Pfizer improperly classified plaintiff Jeter and the other members of the Class as exempt from the overtime pay requirements of New York law;

b. Whether Pfizer unlawfully failed to pay overtime compensation in violation of the New York Minimum Wage Act, New York Labor Law § 650 *et seq.*, the Wage Payment Act, New York Labor Law § 190 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142;

c. Whether Pfizer's conduct was willful under New York Labor Law § 663;

d. Whether Pfizer unlawfully failed to keep and furnish plaintiff Jeter and the other members of the Class with records of hours worked, in violation of the New York Minimum Wage Act, New York Labor Law § 650 *et seq.*, the Wage Payment Act, New York Labor Law § 190 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142; and

e. Whether plaintiff Jeter and the other members of the Class are entitled to damages, and if so, the means of measuring such damages;

f. Whether plaintiff Jeter and the other members of the Class are entitled to liquidated damages under New York Labor Law § 663; and

g. Whether Pfizer is liable for attorneys' fees and costs.

24.   Plaintiffs intend to send notice to all members of the Class to the extent required by Article 9.

## FIRST CLAIM FOR RELIEF

### (For Unpaid Overtime Under New York Labor Law, § 650 *et seq.*, § 190 *et seq.*, and 12 N.Y.C.R.R. Part 142)

25.   Plaintiff Jeter incorporates all preceding paragraphs of this Complaint.

6

26.     At all relevant times, Pfizer has been, and continues to be, an "employer" within the meaning of New York Labor Law § 651.

27.     At all relevant times, Pfizer has employed, and continues to employ, employees, including plaintiff Jeter and the other members of the Class.

28.     Plaintiff Jeter and the other members of the Class regularly worked more than 40 hours per week.

29.     New York labor laws requires an employer, such as defendant Pfizer, to pay overtime compensation to all non-exempt employees who work in excess of 40 hours per week.

30.     Plaintiff Jeter and the other members of the Class are non-exempt employees entitled to be paid overtime compensation for all hours worked in excess of 40 hours per week.

31.     At all relevant times, Pfizer had a policy and practice of failing and refusing to pay overtime pay to plaintiff Jeter and to the other members of the Class for their hours worked in excess of forty hours per week.

32.     The foregoing conduct, as alleged, violates the New York Minimum Wage Act, Labor Law § 650 *et seq.*, the New York Wage Payment Act, Labor Law § 190 *et seq.*, and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

33.     Plaintiff Jeter, on behalf herself and the other members of the Class, seeks the amount of her underpayments based on Pfizer's failure to pay one and one half times the regular rate of pay for work performed in excess of forty hours per week, as provided by New York's labor laws, and such other legal and equitable relief from Pfizer's unlawful and willful conduct as the Court deems just and proper.

7

34.     Plaintiff Jeter, on behalf of herself and the other members of the Class, seeks recovery of attorneys' fees and costs of this action to be paid by Pfizer, as provided by New York Labor Law § 663(1).

35.     Plaintiff Jeter and the other members of the Class do not seek liquidated damages.

## SECOND CLAIM FOR RELIEF

### (For Spread-of-Hours Compensation Under New York Labor Law, § 650 *et seq.*, § 190 *et seq.*, and 12 N.Y.C.R.R. Part 142)

36.     Plaintiff Jeter incorporates all preceding paragraphs of this Complaint.

37.     At all relevant times, Pfizer has been, and continues to be, an "employer" within the meaning of New York Labor Law § 651.

38.     At all relevant times, Pfizer has employed, and continues to employ, employees, including plaintiff Jeter and the other members of the Class.

39.     Plaintiff Jeter and the other members of the Class regularly worked shifts of greater than ten hours per day.

40.     New York labor laws requires an employer, such as defendant Pfizer, to pay "spread of hours" compensation to all non-exempt employees who work in excess of 10 hours per day.

41.     Plaintiff Jeter and the other members of the Class are non-exempt employees entitled to be paid "spread of hours" compensation for each day that they worked in excess of 10 hours.

42.     At all relevant times, Pfizer had a policy and practice of failing and refusing to pay "spread of hours" compensation to plaintiff Jeter and to the other members of the Class for hours worked in excess of 10 hours per day.

8

43.    The foregoing conduct, as alleged, violates the New York Minimum Wage Act, Labor Law § 650 *et seq.*, the New York Wage Payment Act, Labor Law § 190 *et seq.*, and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

44.    Plaintiff Jeter, on behalf herself and the other members of the Class, seeks the amount of her underpayments based on Pfizer's failure to pay "spread of hours" compensation for work performed in excess of 10 hours per day, as provided by New York's labor laws, and such other legal and equitable relief from Pfizer's unlawful and willful conduct as the Court deems just and proper.

45.    Plaintiff Jeter, on behalf of herself and the other members of the Class, seeks recovery of attorneys' fees and costs of this action to be paid by Pfizer, as provided by New York Labor Law § 663(1).

46.    Plaintiff Jeter and the other members of the Class do not seek liquidated damages.

WHEREFORE, plaintiff Jeter, on behalf of herself and all members of the Class, prays for relief as follows:

1.    certification of this action as a class action on behalf of the proposed Class;

2.    designation of the plaintiff Jeter as representative of the Class;

3.    a declaratory judgment that the practices complained of herein are unlawful under New York state law;

4.    appropriate equitable and injunctive relief to remedy Pfizer's violations of New York law, including but not limited to an order enjoining Pfizer from continuing its unlawful practices;

5.    an award of damages, exclusive of liquidated damages, to be paid by Pfizer, according to proof;

6.    pre-judgment and post-judgment interest as provided by law;

7.    attorneys' fees and costs of suit, including expert fees and fees; and

8.    such other injunctive and equitable relief as the Court may deem necessary, just
and proper.

Dated: November 15, 2006

BEATIE AND OSBORN LLP

By: _Daniel Osborn_
            Daniel A. Osborn
            521 Fifth Avenue
            34th Floor
            New York, New York 10175
            (212) 888-9000

*Attorneys for Plaintiff*

10

# **EXHIBIT B**

LITTLER MENDELSON, P.C.
A. Michael Weber
Michael P. Pappas
885 Third Avenue
New York, New York 10022
(212) 583-9600

Attorneys for Defendant

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____

AYISHA JETER, on behalf of herself and all others
similarly situated,

                Plaintiff,

        -against-

PFIZER, INC.,

             Defendant.
_____

Index No. 603984/2006

**NOTICE TO CLERK OF
SUPREME COURT OF
FILING OF NOTICE OF
REMOVAL**

TO:    Clerk
        Supreme Court of the State of New York
        County of New York
        60 Centre Street
        New York, New York 10007-1474

SIR OR MADAM:

       PLEASE TAKE NOTICE that on December 15, 2006, Defendant Pfizer, Inc., filed a

Notice of Removal, a copy of which is attached hereto, in the United States District Court for the

Southern District of New York.  This Court shall therefore proceed no further unless and until the

case is remanded. 28 U.S.C. § 1446(d).

Date:  December 15, 2006
        New York, New York

LITTLER MENDELSON, P.C.

Attorneys for Defendant Pfizer, Inc.

A. Michael Weber
Michael P. Pappas
885 Third Avenue
New York, New York 10022
(212) 583-9600

2

**<u>EXHIBIT C</u>**

LITTLER MENDELSON, P.C.
A. Michael Weber
Michael P. Pappas
885 Third Avenue
New York, New York 10022
(212) 583-9600

Attorneys for Defendant

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

AYISHA JETER, on behalf of herself and all others
similarly situated,

               Plaintiff,

      -against-

PFIZER, INC.,

             Defendant.

Index No. 603984/2006

**NOTICE TO ADVERSE
PARTIES OF FILING OF
NOTICE OF REMOVAL**

---

TO:    Daniel A. Osborn, Esq.
       Beatie and Osborn LLP
       521 Fifth Avenue, 34th Floor
       New York, New York 10175

COUNSEL:

      PLEASE TAKE NOTICE that a Notice of Removal of the above-captioned action from

the Supreme Court of the State of New York, New York County, to the United States District

Court for the Southern District of New York was duly filed on this 15th day of December, 2006,

in the United States District Court for the Southern District of New York. A copy of the notice is

attached.

Date:  December 15, 2006
       New York, New York

LITTLER MENDELSON, P.C.

Attorneys for Defendant Pfizer, Inc.

A. Michael Weber
Michael P. Pappas
885 Third Avenue
New York, New York 10022
(212) 583-9600

2